UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JAMES LONGS BEY,

     Plaintiff,

v.                                                                Case No:  8:25-cv-02360-JLB-AAS

HILLSBOROUGH COUNTY
SHERIFF'S OFFICE, et al.,

     Defendants.

_____/

## **ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 17), recommending that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice. Plaintiff timely objected.  (Doc. 20).

## **BACKGROUND**

Plaintiff, proceeding *pro se*, filed his Complaint and Motion to Proceed *In Forma Pauperis* on September 3, 2025.  (Docs. 1 & 2).  Plaintiff brings the Complaint against Defendants Hillsborough County Sheriff's Office, Deputy Mark R. Buswell, among others.

On September 19, 2025, the Magistrate Judge issued an Order taking Plaintiff's Motion to Proceed *In Forma Pauperis* under advisement, identifying violations of the Federal Rules of Civil Procedure within the Complaint, and directing Plaintiff to file an amended complaint curing the deficiencies on or before

October 24, 2025.  (*See generally* Doc. 7).  Specifically, the Order determined that the Complaint is an impermissible shotgun pleading.  (Doc. 7 at 2–5).

Plaintiff failed to timely file the amended complaint.  Accordingly, on October 29, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the Complaint be dismissed without prejudice.  (Doc. 8).  On November 4, 2025, Plaintiff filed a Motion to Amend Complaint (Doc. 10), which the Court granted, allowing Plaintiff to file an amended complaint on or before November 25, 2025 (Doc. 12).  The previously issued Report and Recommendation was vacated.  (Doc. 13).  On December 3, 2025, Plaintiff again moved for an extension of time to file an amended complaint (Doc. 15), which the Court again granted, setting a December 30, 2025, deadline.  (Doc. 16).

Despite the ample amount of time provided by the Court to file an amended complaint, Plaintiff again failed to do so.  The Magistrate Judge issued a new Report and Recommendation on January 5, 2025, recommending that the Complaint be dismissed without prejudice.  (Doc. 17).  On January 16, 2025, Plaintiff filed his Amended Complaint (Doc. 19), which this Court struck as untimely (Doc. 21).  Plaintiff also filed an Objection to the Report and Recommendation, arguing that he should be allowed yet another extension of time to file an amended complaint due to extenuating financial circumstances.  (Doc. 20).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## DISCUSSION

After an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory,

vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, Plaintiff's Complaint fails to delineate the allegations into counts and does not specify which allegations or claims are against which defendant.  (*See* Doc. 1).  Thus, the Complaint is a shotgun pleading.

Further, to proceed *in forma pauperis*, a complaint must state viable causes of action.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Complaint fails to state a plausible claim against the Hillsborough County Sheriff's Office because a sheriff's office is not subject to liability under 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (affirming the district court's decision to dismiss the Section 1983 claim against the sheriff's department because under the applicable state law the sheriff department lacked capacity to be sued); *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (finding the police department does not have capacity to be sued under Florida law).  Likewise, to the extent the Complaint is brought against Defendant Deputy Buswell, it fails to state a plausible claim because the alleged facts do not allow the Court to draw a reasonable inference that Deputy Buswell acted without probable cause.  (*See* Doc. 1 at ¶¶ 1–7).

Accordingly, it is **ORDERED** that:

1.   The Report and Recommendation (Doc. 17) is **ADOPTED** and made a part of this Order for all purposes.

2.   Plaintiff's Objection to the Report and Recommendation (Doc. 20) is **OVERRULED**.

3.   Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

4.   Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED as moot**.

5.   The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Tampa, Florida, on March 30, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE